# **<u>EXHIBIT A</u>**

COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 16 2024

B VOTRUBA

1  Tionna Carvalho (SBN 299010)
   Email: tcarvalho@slpattorney.com
2  Sanam Vaziri (SBN 177384)
   Email: svaziri@slpattorney.com
3  (emailservices@slpattorney.com)
4  **Strategic Legal Practices, APC**
   1888 Century Park East, 19th Floor
5  Los Angeles, CA 90067
   Telephone: (310) 929-4900
6  Facsimile: (310) 943-3838

7

8  Attorneys for Plaintiff:
   JENNIFER CARDWELL-EDWARDS

9

10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF RIVERSIDE**

12

13  JENNIFER CARDWELL-EDWARDS,         Case No.: **CVRI** 2405709

14              Plaintiff,             Hon.
                                       Dept.
15       vs.

16  FCA US, LLC.; DCH CHRYSLER DODGE   **COMPLAINT FOR VIOLATION OF**
17  JEEP RAM FIAT OF TEMECULA; and DOES **STATUTORY OBLIGATIONS**
    1 through 10, inclusive,
18
            Defendants.               JURY TRIAL DEMANDED
19

20

21

22

23

24

25

26

27

28

Plaintiff alleges as follows:

## PARTIES

1.      As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff JENNIFER CARDWELL-EDWARDS.

2.      Plaintiff is a resident of Riverside County, California.

3.      As used in this Complaint, the word "Defendants" shall refer to all Defendants named in this Complaint.

4.      Defendant FCA US, LLC. ("Defendant FCA") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Riverside County, California.

5.      Defendant DCH CHRYSLER DODGE JEEP RAM FIAT OF TEMECULA ("DCH") is an unknown business entity organized and in existence under the laws of the State of California. At all times relevant herein, DCH was engaged in the business of selling automobiles and automobile components, and servicing and repairing automobiles in Riverside County, California.

6.      Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

## TOLLING OF THE STATUTES OF LIMITATION

7.      To the extent there are any statutes of limitation applicable to Plaintiff's claims-including, without limitation, the express warranty, implied warranty, and negligent repair – the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules: equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*).

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

1

8.    Plaintiff did not discover Defendant's wrongful conduct alleged herein until shortly before the filing of the complaint, as the Vehicle continued to exhibit symptoms of defects following Defendant FCA's unsuccessful attempts to repair them. However, Defendant FCA failed to provide restitution pursuant to the Song – Beverly Consumer Warranty Act.

9.    By filing this Complaint, Plaintiff hereby revokes acceptance of the Subject Vehicle yet again.

## FACTUAL BACKGROUND

10.    On or about July 22, 2017, Plaintiff entered into a warranty contract with Defendant FCA regarding a 2017 Jeep Cherokee, vehicle identification number 1C4PJLCS0HD221922 (hereafter "Vehicle"), which was manufactured and/or distributed by Defendant FCA.

11.    The warranty contract contained various warranties, including but not limited to the bumper-bumper warranty, powertrain warranty, emission warranty, etc. A true and correct copy of the warranty contract is attached hereto as **Exhibit A**. The terms of the express warranty are described in **Exhibit A** and are incorporated herein. In addition to these warranties, Defendant FCA also provided Plaintiff with a California Emission Warranty, which Plaintiff requests Defendant FCA produce as part of its discovery obligations in this case.[1]

12.    Pursuant to the Song-Beverly Consumer Warranty Act (the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes. Plaintiff is a "buyer" of consumer goods under the Act. Defendant FCA is a "manufacturer" and/or "distributor" under the Act.

13.    Plaintiff justifiably revokes acceptance of the Subject Vehicle under Civil Code, section 1794, et seq. by filing this Complaint and/or did so prior to filing the instant Complaint.

14.    These causes of action arise out of the warranty obligations of Defendant FCA in

---

[1] Upon information and belief, FCA deliberately refuses to include the terms of the California emissions warranties in its main express warranty booklet so that California consumers are kept in the dark when FCA fails to comply with its warranty obligations under California's 7 years/70,000 miles emissions warranty, or other California emission warranties, including but not limited to, Low Emission Vehicles warranties (which have an even longer warranty term).

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

2

**COMPLAINT; JURY TRIAL DEMANDED**

1  connection with a motor vehicle for which Defendant FCA issued a written warranty.

2      15.    Defects and nonconformities to warranty manifested themselves within the

3  applicable express warranty period, including but not limited to, transmission defects, engine

4  defects, electrical defects; among other defects and non-conformities.

5      16.    Said defects/nonconformities substantially impair the use, value, or safety of the

6  Vehicle.

7      17.    The value of the Vehicle is worthless and/or *de minimis*.

8      18.    Plaintiff purchased the Subject Vehicle as manufactured with Defendant FCA's

9  defective 9-speed transmission.

10     19.    Plaintiff is informed, believes, and thereon alleges that Defendant FCA knew since

11 prior to Plaintiff purchasing the Subject Vehicle, that the 2017 Jeep Cherokee vehicles equipped

12 with a 9-speed transmission are defective, contained one or more defect(s) to the transmission

13 which may result in hesitation on acceleration, loss of power, hard and/or harsh shifts, and/or

14 jerking (the "Transmission Defect").

15     20.    Thus, the Transmission Defect is a safety concern because it severely affects the

16 driver's ability to control the car's speed, acceleration, and deceleration. For example, these

17 conditions make it difficult to safely merge into traffic or may cause a sudden loss of power or

18 failure to accelerate while in motion. Even more troubling, the Transmission Defect can cause the

19 vehicle to fail without warning, while the Vehicle is moving at highway speeds.

20     21.    Plaintiff is informed, believes, and thereon alleges that prior to Plaintiff acquiring

21 the Vehicle, Defendant FCA was well aware and knew that the in the Vehicle was defective but

22 failed to disclose this fact to Plaintiff at the time of sale and thereafter.

23     22.    Plaintiff is informed, believes, and thereon alleges that Defendant FCA acquired

24 its knowledge of the Transmission Defect prior to Plaintiff acquiring the Vehicle, through sources

25 not available to consumers such as Plaintiff, including but not limited to pre-production and post-

26 production testing data; early consumer complaints about the Transmission Defect made directly

27 to Defendant FCA and its network of dealers; aggregate warranty data compiled from Defendant

28 FCA's network of dealers; testing conducted by Defendant FCA in response to these complaints;

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES CA 90067

3

**COMPLAINT; JURY TRIAL DEMANDED**

1    as well as warranty repair and part replacements data received by Defendant FCA from Defendant

2    FCA's network of dealers, amongst other sources of internal information.

3        23.    Plaintiff is informed, believes, and thereon alleges that while Defendant FCA knew

4    about the Transmission Defect, and its safety risks since prior to Plaintiff purchasing the Subject

5    Vehicle, Defendant FCA nevertheless concealed and failed to disclose the defective nature of the

6    Vehicle and its Transmission Defect to its sales representatives and Plaintiff at the time of sale

7    and thereafter. Defendant FCA omitted mention of the Transmission Defect to its consumers.

8        24.    Plaintiff is a reasonable consumer who interacted with sales representatives,

9    considered Defendant FCA's advertisement, and/or other marketing materials concerning the

10    Defendant FCA Vehicles prior to purchasing the Subject Vehicle. Had Defendant FCA revealed

11    the Transmission Defect, Plaintiff would have been aware of it and would not have purchased the

12    Subject Vehicle.

13    **Defendant FCA Had Exclusive Knowledge of the Transmission Defect**

14        25.    Defendant FCA had superior and exclusive knowledge of the Transmission Defect

15    and knew or should have known that the defect was not known to or reasonably discoverable by

16    Plaintiff and before they purchased or leased the Subject Vehicle.

17        26.    Defendant knew or should have known, based on Defendant FCA's routine

18    monitoring of complaints, that the 2017 Jeep Cherokee vehicles have a dangerous defect that

19    adversely affects their drivability. Additionally, Defendant FCA knew or should have known

20    about the Transmission Defect through sources not available to consumers, including Defendant

21    FCA's own aggregate pre-market data and other aggregate post-market data from Defendant FCA

22    authorized dealers.

23        27.    Plaintiff would not have purchased the Subject Vehicle, or would have paid less

24    for it, had Plaintiff known of the Transmission Defect, given the unsafe nature of the Transmission

25    Defect. Furthermore, Plaintiff unknowingly exposed themselves to the risk of accident, injury,

26    and/or liability to others as a result of the nature or the Transmission Defect which can lead to

27    loss of power while driving at highway speeds, failure to accelerate and/or shift, and other

28    impairments to driveability. Plaintiff is a reasonable consumer who expected the Subject Vehicle

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

4

**COMPLAINT; JURY TRIAL DEMANDED**

1  to be safe and free of defects, and that Defendant FCA would not sell or lease vehicles with known

2  safety-related defects, such as the Transmission Defect, and would disclose any such defects to

3  its consumers when it learns of them.

4        28.    While it has been fully aware of the Transmission Defect, Defendant FCA actively

5  concealed the existence and nature of the alleged defect from Plaintiff at the time of purchase,

6  repair, and thereafter.

7        29.    Defendant FCA was inundated with complaints regarding the Transmission Defect

8  but rather than repair the problem under warranty, Defendant FCA dealers either inform

9  consumers that their vehicles are functioning properly or conduct repairs that merely mask the

10  defect.

11        30.    Defendant FCA has still not fixed the 9-speed transmission that causes the

12  symptoms associated with the Transmission Defect.

13        31.    Under the Song-Beverly Act and/or the Magnuson-Moss Act, Defendant had an

14  affirmative duty to promptly offer to repurchase or replace the Subject Vehicle at the time it failed

15  to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of

16  repair attempts.[2]

17        32.    Defendant has failed to either promptly replace the Subject Vehicle or to promptly

18  make restitution in accordance with the Song-Beverly Act and/or the Magnuson-Moss Act.

19        33.    Under the Song-Beverly Act and/or the Magnuson-Moss Act, Plaintiff is entitled

20  to reimbursement of the price paid for the vehicle less that amount directly attributable to use by

21  the Plaintiff prior to the first presentation to an authorized repair facility for a nonconformity.

22

23     [2] "A manufacturer's duty to repurchase a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 301-302, 45 Cal.Rptr.2d 10.) Chrysler performed the bridge operation on Santana's vehicle in August 2014 with 30,262 miles on the odometer—within the three-year, 36,000 mile warranty. The internal e-mails demonstrating Chrysler's awareness of the safety risks inherent in the bridge operation were sent in September 2013, and thus Chrysler was well aware of the problem when it performed the bridge operation on Santana's vehicle. Thus, Chrysler's duty to repurchase or provide restitution arose prior to the expiration of the three-year, 36,000 mile warranty. Moreover, although we do not have the actual five-year, 100,000 mile power train warranty in our record, Santana's expert testified that the no-start/stalling issues Santana experienced were within the scope of the power train warranty, which was still active when Santana requested repurchase in approximately January 2016, at 44,467 miles. Thus the premise of Chrysler's argument—that Santana's request for repurchase was outside the relevant warranty—is not only irrelevant, but wrong." *Santana v. FCA US, LLC,* 56 Cal. App. 5th 334, 270 Cal. Rptr. 3d 335 (2020).

5

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

34.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq. Plaintiff is to rescission of the contract pursuant to Civil Code, section 1794, et seq.

35.     Plaintiff is entitled to recover any "cover" damages under Civil Code, section 1794, et seq.

36.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code, section 1794 et seq.

37.     Plaintiff suffered damages in a sum to be proven at trial in an amount that is not less than $35,001.00.

38.     Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendants' wrongful conduct alleged herein.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FCA

## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

39.     Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

40.     Defendant FCA and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant FCA failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

41.     Plaintiff has been damaged by Defendant FCA's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

42.     Defendant FCA's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant FCA and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

6

**COMPLAINT; JURY TRIAL DEMANDED**

1    warranties after a reasonable number of repair attempts, yet Defendant FCA failed and refused

2    to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil

3    penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision

4    (c).

5        43.    Defendant FCA does not maintain a qualified third-party dispute resolution

6    process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff

7    is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code

8    section 1794, subdivision (e).

9        44.    Plaintiff seeks civil penalties pursuant to Civil Code, section 1794, subdivisions

10   (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil

11   Code section 1794, subdivision (e).

12                        **SECOND CAUSE OF ACTION**

13                   **BY PLAINTIFF AGAINST DEFENDANT FCA**

14      **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

15       45.    Plaintiff incorporates by reference the allegations contained in the paragraphs set

16   forth above.

17       46.    Although Plaintiff presented the Vehicle to Defendant FCA's representative in

18   this state, Defendant FCA and its representative failed to commence the service or repairs within

19   a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

20   warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff

21   did not extend the time for completion of repairs beyond the 30-day requirement.

22       47.    Plaintiff has been damaged by Defendant FCA's failure to comply with its

23   obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action

24   pursuant to Civil Code section 1794.

25       48.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the

26   Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiff

27   does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code

28   section 1794(b)(1), including the entire contract price. In the alternative, Plaintiff seeks the

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES CA 90067

7

**COMPLAINT; JURY TRIAL DEMANDED**

1    remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value

2    of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's

3    value is *de minimis.*

4         49.    Defendant FCA's failure to comply with its obligations under Civil Code section

5    1793.2(b) was willful, in that Defendant FCA and its representative were aware that they were

6    obligated to service or repair the Vehicle to conform to the applicable express warranties within

7    30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times

8    Plaintiff's actual damages pursuant to Civil Code section 1794(c).

9    **THIRD CAUSE OF ACTION**

10    **BY PLAINTIFF AGAINST DEFENDANT FCA**

11    **VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

12         50.    Plaintiff incorporates by reference the allegations contained in paragraphs set

13    forth above.

14         51.    In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant FCA

15    failed to make available to its authorized service and repair facilities sufficient service literature

16    and replacement parts to effect repairs during the express warranty period. Plaintiff has been

17    damaged by Defendant FCA's failure to comply with its obligations pursuant to Civil Code

18    section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section

19    1794.

20         52.    Defendant FCA's failure to comply with its obligations under Civil Code section

21    1793.2, subdivision (a)(3) was willful, in that Defendant FCA knew of its obligation to provide

22    literature and replacement parts sufficient to allow its repair facilities to effect repairs during

23    the warranty period, yet Defendant FCA failed to take any action to correct its failure to comply

24    with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual

25    damages, pursuant to Civil Code section 1794(c).

26    **FOURTH CAUSE OF ACTION**

27    **BY PLAINTIFF AGAINST DEFENDANT FCA**

28    **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

STRATEGIC LEGAL PRACTICES, APC<br>1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

8
**COMPLAINT; JURY TRIAL DEMANDED**

**(CIV. CODE, § 1791.1; § 1794; § 1795.5)**

53.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

54.    Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant FCA's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant FCA, except that the duration is not to exceed one-year.

55.    Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

56.    The subject vehicle was sold with one or more latent defect(s) set forth above. The existence of the said latent defect(s) constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

57.    Plaintiff has been damaged by Defendant FCA's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT**

**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

58.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

9

59.     Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

60.     Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

61.     The Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

62.     In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiff, an implied warranty of merchantability was created under applicable state law remedies. The Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus, any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

63.     Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

64.     Plaintiff has also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

65.     In addition,  Plaintiff has met all of Plaintiff's obligations for bringing this claim as provided in the written warranties, or alternatively,  Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

66.     As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

67.    Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable, or alternatively, a replacement vehicle and/or California lemon law remedies[3].

68.    Plaintiff is entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

69.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and seeks remedies under the Magnuson Moss Act and/or applicable California lemon law remedies.

70.    Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

## SIXTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT FCA

### (Fraudulent Inducement - Concealment)

71.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

72.    Defendant FCA committed fraud by allowing the Subject Vehicle to be sold to Plaintiff without disclosing that the Subject Vehicle and its transmission were defective which can cause hesitation on acceleration, loss of power, hard and/or harsh shifts, and/or jerking. It can also result in a total loss of power and/or failure to accelerate while driving, significantly impair driver control.

73.    Indeed, Plaintiff alleges that prior to the sale of the Subject Vehicle to Plaintiff, Defendant FCA knew that the Vehicle and its 9-speed transmission suffered from an inherent

---

[3]Federal courts throughout the country, including the Ninth Circuit, have recognized that Magnuson–Moss itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir.2004).

11

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

1    defect, was defective, would fail prematurely, and was not suitable for its intended use.

2         74.    Defendant FCA was under a duty to Plaintiff to disclose the defective nature of

3    the Vehicle and its transmission, its safety consequences and/or the associated repair costs

4    because:

5              a.    Plaintiff is informed, believes, and thereon alleges that Defendant

6         FCA acquired its knowledge of the Transmission Defect and its potential

7         consequences prior to Plaintiff acquiring the Vehicle, through sources not available

8         to consumers such as Plaintiff, including but not limited to pre-production testing

9         data, early consumer complaints about the Transmission Defect made directly to

10        Defendant FCA and its network of dealers, aggregate warranty data compiled from

11        Defendant FCA's network of dealers, testing conducted by Defendant FCA in

12        response to these complaints, as well as warranty repair and part replacements data

13        received by Defendant FCA from Defendant FCA's network of dealers, amongst

14        other sources of internal information;

15             b.    Defendant FCA was in a superior position from various internal

16        sources to know (or should have known) the true state of facts about the material

17        defects contained in vehicles equipped with 9-speed transmission; and

18             c.    Plaintiff could not reasonably have been expected to learn or

19        discover of the Vehicle's Transmission Defect and its potential consequences until

20        well after Plaintiff purchased the Vehicle.

21        75.    In failing to disclose the defects in the Vehicle's transmission, Defendant FCA has

22   knowingly and intentionally concealed material facts and breached its duty not to do so.

23

24        76.    The facts concealed or not disclosed by Defendant FCA to Plaintiff are material in

25   that a reasonable person would have considered them to be important in deciding whether or not

26   to purchase the Vehicle. Had Plaintiff known that the Vehicle and its transmission were defective

27   at the time of sale, they would not have purchased the Vehicle.

28        77.    Plaintiff is a reasonable consumer who interacted with Defendant FCA's sales

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

12

COMPLAINT; JURY TRIAL DEMANDED

representatives and reviewed materials disseminated by Defendant FCA concerning Defendant FCA Vehicles prior to purchasing the Subject Vehicle. Had Defendant disclosed the Transmission Defect, a safety hazard, to its sales representatives and/or the consumer public, Plaintiff would have been aware of it and would not have purchased the Subject Vehicle.

78.     Plaintiff was harmed by purchasing a vehicle that Plaintiff would not have leased and/or purchased had Plaintiff known the true facts about the Transmission Defect.

79.     Furthermore, Plaintiff unknowingly exposed themself to the risk of liability, accident and injury as a result of Defendant's fraudulent concealment of the Transmission Defect.

### SEVENTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT DCH

### NEGLIGENT REPAIR

80.     Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

81.     Plaintiff delivered the Subject Vehicle to Defendant DCH for substantial repair on at least one occasion.

82.     Defendant DCH owed a duty to Plaintiff to use ordinary care and skill in storage, preparation and repair of the Subject Vehicle in accordance with industry standards.

83.     Defendant DCH breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare and repair the Subject Vehicle in accordance with industry standards.

84.     Defendant DCH's negligent breach of its duties owed to Plaintiff was a proximate cause of Plaintiff's damages.

### PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

a.   For general, special and actual damages according to proof;

b.   For restitution;

c.   For any consequential and incidental damages;

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES CA 90067

d.  For diminution in value;

e.  For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

f.  For punitive damages;

g.  For prejudgment interest at the legal rate;

h.  For applicable California lemon law remedies pursuant to the Magnuson-Moss Act [4] and/or 15 U.S.C. 2304(a)(4);

i.  For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d) and 15 U.S.C. section 2310(d) and/or any other statutory provision that allows for the recovery of such attorney fees, costs, and expenses; and

j.  For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: September 27, 2024                    STRATEGIC LEGAL PRACTICES, APC

BY: _____

TIONNA CARVALHO
Attorneys for Plaintiff
JENNIFER CARDWELL-EDWARDS

---

[4] *And see Brilliant v. Tiffin Motor Homes, Inc.*, No. C 09-04568 SI, 2010 WL 2721531, at *3 (N.D. Cal. July 7, 2010) ("Federal courts throughout the country, including the Ninth Circuit, have recognized that Magnuson–Moss itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1039 (9th Cir.2004); MacKenzie, 607 F.2d at 1166–67; Gusse v. Damon Corp., 470 F.Supp.2d 1110, 1116–17 (C.D.Cal.2007); Romo v. FFG Insurance Company, 397 F.Supp.2d 1237, 1239 (C.D.Cal.2005); DeShazer v. Nat'l RV Holdings, Inc., 391 F.Supp.2d 791, 794 (D.Ariz.2005).)")

14

# Exhibit A



# 2017

## WARRANTY INFORMATION - GAS

**IMPORTANT**

*This booklet contains FCA US LLC limited warranties. It should be kept in your vehicle and presented to your Dealer if any warranty service is needed.*
*The warranty text begins on page 4 of this booklet.*

WARRANTY COVERAGE AT A GLANCE

| DESCRIPTION | 1 Yr/ 12,000 Mi | 2 Yr/ 24,000 Mi | 3 Yr/ 36,000 Mi | 3 Yr/ 50,000 Mi | 3 Yr/ Unlimited | 5 Yr/ 50,000 Mi | 5 Yr/ 60,000 Mi | 5 Yr/ 100,000 Mi | 5 Yr/ Unlimited | 7 Yr/ 70,000 Mi | 8 Yr/ 80,000 Mi |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Basic Limited Warranty Coverage | ▓ | ▓ | ▓ | | | | | | | | |
| | | | | | | | | | | | |
| **Special Extended Warranty Coverage** | | | | | | | | | | | |
| Anti-Corrosion Perforation Limited Warranty: | | | | | | | | | | | |
| — All Panels | ▓ | ▓ | ▓ | ▓ | ▓ | | | | | | |
| — Outer Panels | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | | |
| Powertrain Limited Warranty | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | | | |
| Federal Emissions Warranty | ▓ | | | | | | | | | | |
| Federal Emissions Warranty: | | | | | | | | | | | |
| — Specified Comp. | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |

1

## TABLE OF CONTENTS

1. Your Legal Rights Under These Limited
   Warranties . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. What's Covered Under FCA US LLC's Warranties . . 5
   2.1 Basic Limited Warranty . . . . . . . . . . . . . . . . . 5
   2.2 Corrosion Warranty . . . . . . . . . . . . . . . . . . . . . 7
   2.3 Restraint System Limited Warranty (Vehicles sold
       and registered in the State of Kansas only) . . . . 8
   2.4 Powertrain Limited Warranty . . . . . . . . . . . . . 8

3. What's Not Covered . . . . . . . . . . . . . . . . . . . . . . 11
   3.1 Modifications Not Covered . . . . . . . . . . . . . . . 11
   3.2 Environmental Factors Not Covered . . . . . . . . 12
   3.3 Maintenance Costs Not Covered . . . . . . . . . . 12
   3.4 Racing Not Covered . . . . . . . . . . . . . . . . . . . . 12

3.5 Certain Kinds of Corrosion Not Covered . . . . . 13
3.6 Other Exclusions . . . . . . . . . . . . . . . . . . . . . . 13
3.7 Total Loss, Salvage, Junk, or Scrap Vehicles Not
    Covered . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
3.8 Restricted Warranty . . . . . . . . . . . . . . . . . . . . 14

4. Other Terms of Your Warranties . . . . . . . . . . . . . 15
   4.1 Exchanged Parts May Be Used in Warranty
       Repairs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
   4.2 Pre-Delivery Service . . . . . . . . . . . . . . . . . . . . 15
   4.3 Production Changes . . . . . . . . . . . . . . . . . . . . 15

2

**TABLE OF CONTENTS**

5. Emission Warranties Required By Law . . . . . . . . 16
   5.1 Federal Emission Warranty . . . . . . . . . . . . . . 16
   5.2 Emission Performance Warranty . . . . . . . . . . 17

6. How to Get Warranty Service . . . . . . . . . . . . . . 18
   6.1 Where to Take Your Vehicle . . . . . . . . . . . . . 18
   6.2 How To Get Roadside Assistance Service - U.S. or
       Canada Only * . . . . . . . . . . . . . . . . . . . . . . 19
   6.3 Emergency Warranty Repairs . . . . . . . . . . . . 22
   6.4 Getting Service Under the Federal Emission
       Performance Warranties . . . . . . . . . . . . . . . . 22

7. How to Deal with Warranty Problems . . . . . . . . . 23
   7.1 Steps to Take . . . . . . . . . . . . . . . . . . . . . . . 23
   7.2 Helpful Addresses and Telephone Numbers . . . . 26

8. Optional Service Contract . . . . . . . . . . . . . . . . . 27

9. Maintenance . . . . . . . . . . . . . . . . . . . . . . . . . . 28
   9.1 General Information . . . . . . . . . . . . . . . . . . . 28
   9.2 Where To Go For Maintenance . . . . . . . . . . . 28

3

**YOUR LEGAL RIGHTS UNDER THESE LIMITED WARRANTIES**

# 1. Your Legal Rights Under These Limited Warranties

The warranties contained in this booklet are the only express warranties that FCA US LLC ("FCA US") makes for your vehicle. These warranties give you specific legal rights. You may also have other rights that vary from state to state. For example, you may have some implied warranties, depending on the state where your vehicle was sold or is registered.

These implied warranties are limited, to the extent allowed by law, to the time periods covered by the express written warranties contained in this booklet.

If you use your vehicle primarily for business or commercial purposes, then these implied warranties do not apply and FCA US completely disclaims them to the extent allowed by law. And the implied warranty of fitness for a particular purpose does not apply if your vehicle is used for racing, even if the vehicle is equipped for racing.

Some states do not allow limitations on how long an implied warranty lasts, so the above limitations may not apply to you.

## 1.1 Incidental and Consequential Damages Not Covered

Your warranties don't cover any incidental or consequential damages connected with your vehicle's failure, either while under warranty or afterward.

Examples of such damages include:

- lost time;
- inconvenience;
- the loss of the use of your vehicle;
- the cost of rental vehicles, gasoline, telephone, travel, or lodging;
- the loss of personal or commercial property; and
- the loss of revenue.

Some states don't allow incidental or consequential damages to be excluded or limited, so this exclusion may not apply to you.

4

# 2. What's Covered Under FCA US LLC's Warranties

## 2.1 Basic Limited Warranty

### A. Who Is Covered?

You are covered by the Basic Limited Warranty if you are a purchaser for use of the vehicle.

### B. What's Covered

The Basic Limited Warranty covers the cost of all parts and labor needed to repair any item on your vehicle when it left the manufacturing plant that is defective in material, workmanship or factory preparation. There is no list of covered parts since the only exception are tires and Unwired headphones. You pay nothing for these repairs. These warranty repairs or adjustments — including all parts and labor connected with them — will be made by your dealer at no charge, using new or remanufactured parts.

WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES

### C. Items Covered by Other Warranties

The following are covered by separate warranties offered by their makers. They are **not covered** by the Basic Limited Warranty:

- tires;
- unwired headphones; or
- items added or changed after your vehicle left the manufacturing plant, such as accessories or protection products, or items changed because of customization or van conversion.

Be sure you get a copy of any warranty that applies to these items from your dealer, or from the maker of the product. You can find the tire and unwired headphone warranty statements in your Owner's Literature Package.

5

**WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES**

### D. Towing Costs Are Covered Under Certain Circumstances

The Roadside Assistance covers the cost of towing your vehicle to the nearest Chrysler, Dodge, Jeep, or Ram dealer if your vehicle becomes disabled as a result of a mechanical breakdown. If you choose to go to another dealership, you will be responsible for the cost if the extra distance exceeds 10 miles. See Section 6.2 for information on how to get towing service in the United States and Canada.

### E. When It Begins

The Basic Limited Warranty begins on either of the following dates, whichever is earlier:

- the date you take delivery of the vehicle; or
- the date when the vehicle was first put into service — for example, as a dealer "demo" or as a FCA US company vehicle.

### F. When It Ends

The Basic Limited Warranty lasts for 36 months from the date it begins or for 36,000 miles on the odometer, whichever occurs first. But the following items are covered only for 12 months or for 12,000 miles on the odometer, whichever occurs first:

- brakes (rotors, pads, linings, and drums);
- wiper blades;
- clutch discs or modular clutch assembly (as equipped);
- windshield and rear window; and
- wheel alignment and wheel balancing

### G. Registration and Operation Requirements

The Basic Limited Warranty covers your vehicle only if:

- it was built for sale in the U.S.;
- it's registered in the U.S.;
- it's driven mainly in the U.S. or Canada; and
- it's operated and maintained in the manner described in your Owner's Manual.

6

**H. If Your Vehicle Leaves the United States (We Include U.S. Possessions and Territories as Part of the United States for Warranty Purposes):**

EXCEPT WHERE SPECIFICALLY REQUIRED BY LAW, THERE IS NO WARRANTY COVERAGE ON THIS VEHICLE IF IT IS SOLD IN OR REGISTERED IN COUNTRIES OTHER THAN THE UNITED STATES.

This policy does not apply to vehicles that have received authorization for export from FCA US. Dealers may not give authorization for export. You should consult an authorized dealer to determine this vehicle's warranty coverage if you have any questions.

This policy does not apply to vehicles registered to U.S. government officials or military personnel on assignment outside of the United States.

## 2.2 Corrosion Warranty

### A. Who Is Covered?

You are covered if you are a purchaser for use of the vehicle.

### B. What's Covered

This warranty covers the cost of all parts and labor needed to repair or replace any sheet metal panels that get holes from rust or other corrosion. If a hole occurs because of something other than corrosion, this warranty does not apply. Cosmetic or surface corrosion — resulting, for example, from stone chips or scratches in the paint — is not covered. For more details on what isn't covered by this warranty, see 3.5.

7

WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES

### C. How Long It Lasts

The Corrosion Warranty starts when your Basic Limited Warranty begins under 2.1(E).

This warranty has two time-and-mileage limits:

- For sheet metal panels, the limit is 36 months, with no mileage limit.

- For an outer-body sheet metal panel — one that is finish-painted and that someone can see when walking around the vehicle — the limits are 5 years or unlimited miles on the odometer, whichever occurs first.

### D. What's Not Covered

Please note that while the standard Corrosion Limited Warranty applies to defects in material and/or workmanship, it does not cover the vehicle's matte finish appearance (if equipped).

Maintaining the matte finish appearance is solely the responsibility of the vehicle owner as described in your Owner's Manual.

8

## 2.3 Restraint System Limited Warranty (Vehicles sold and registered in the State of Kansas only)

For vehicles sold and registered in the State of Kansas, seatbelts and related seatbelt components are warranted against defects in workmanship and materials for 10 years, regardless of mileage. This warranty does not cover replacement of seatbelts and related components required as the result of collision.

## 2.4 Powertrain Limited Warranty

### A. Who Is Covered?

You are covered by the Powertrain Limited Warranty if you are a purchaser for use of the vehicle.

### B. What's Covered

The Powertrain Limited Warranty covers the cost of all parts and labor needed to repair a powertrain component listed in section 2.4.E below that is defective in workmanship and materials.

**C. How Long It Lasts**

The Powertrain Limited Warranty lasts for up to 5 years or 60,000 miles on the odometer, whichever occurs first, calculated from the start date of the Basic Limited Warranty, as set forth in Section 2.1(E).

**D. Towing Costs Are Covered**

The Roadside Assistance covers the cost of towing your vehicle to the nearest authorized Chrysler, Dodge, Jeep or Ram dealer if your vehicle cannot be driven because a covered part has failed.

If you choose to go to another dealership, you will be responsible for the cost if the extra distance exceeds 10 miles. See Section 6.2 for information on how to get towing service in the United States and Canada.

WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES

**E. Parts Covered**

The Powertrain Limited Warranty covers these parts and components of your vehicle's powertrain supplied by FCA US:

**Gasoline Engine:**

cylinder block and all internal parts; cylinder head assemblies; timing case, timing chain, timing belt, gears and sprockets; vibration damper; oil pump; water pump and housing; intake and exhaust manifolds; flywheel with starter ring gear; core plugs; valve covers; oil pan; turbocharger housing and internal parts; turbocharger wastegate actuator; supercharger; serpentine belt tensioner; seals and gaskets for listed components only.

**Transmission:**

transmission case and all internal parts; torque converter; drive/flex plate; transmission range switch; speed sensors; pressure sensors; transmission control module; bell housing; oil pan; seals and gaskets for listed components only.

**NOTE:** MANUAL TRANSMISSION CLUTCH PARTS ARE NOT COVERED AT ANY TIME.

9

WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES

**Front Wheel Drive:**

transaxle case and all internal parts; axle shaft assemblies; constant velocity joints and boots; differential cover; oil pan; transaxle speed sensors; transaxle solenoid assembly; PRNDL position switch; transaxle electronic controller; torque converter; seals and gaskets for listed components only.

**NOTE: MANUAL TRANSMISSION CLUTCH PARTS ARE NOT COVERED AT ANY TIME.**

**All Wheel Drive (AWD):**

power transfer unit and all internal parts; viscous coupler; axle housing and all internal parts; constant velocity joints and boots; driveshaft and axle shaft assemblies; differential carrier assembly and all internal parts; output ball bearing; output flange; end cover; overrunning clutch; vacuum motor; torque tube; pinion spacer and shim, seals and gaskets for listed components only.

**Rear Wheel Drive:**

rear axle housing and all internal parts; axle shafts; axle shaft bearings; drive shaft assemblies; drive shaft center bearings; universal joints and yokes; seals and gaskets for listed components only.

**Four-Wheel Drive (4X4):**

transfer case and all internal parts; transfer case control module and shift mode motor assembly; axle housing and all internal parts; axle shafts; axle shaft bearings; drive shafts assemblies (front and rear); drive shaft center bearings; universal joints and yokes; disconnect housing assembly; seals and gaskets for the listed components only.

**F. Other Provisions of This Powertrain Limited Warranty**

All other terms of the New Vehicle Limited Warranty including the Section 1 (Your Rights Under These Limited Warranties) and Section 3 (What's Not Covered) apply to this Powertrain Limited Warranty.

10

# 3. What's Not Covered

## 3.1 Modifications Not Covered

### A. Some Modifications Don't Void the Warranties But Aren't Covered

Certain changes that you might make to your vehicle do not, by themselves, void the warranties described in this booklet. Examples of some of these changes are:

- installing non-FCA US parts, components, or equipment (such as a non-FCA US radio or speed control); and

- using special non-FCA US materials or additives.

But your warranties don't cover any part that was not on your vehicle when it left the manufacturing plant or is not certified for use on your vehicle. Nor do they cover the costs of any repairs or adjustments that might be caused or needed because of the installation or use of non-FCA US parts, components, equipment, materials, or additives.

Performance or racing parts are considered to be non-FCA US parts. Repairs or adjustments caused by their use are not covered under your warranties.

Examples of the types of alterations not covered are:

- installing accessories — except for genuine FCA US/MOPAR accessories installed by an authorized Chrysler, Dodge, Jeep or Ram dealer;

- applying rustproofing or other protection products;

- changing the vehicle's configuration or dimensions, such as converting the vehicle into a limousine or food service vehicle; or

- using any refrigerant that FCA US has not approved.

### B. Modifications That WILL Void Your Warranties

These actions will void your warranties:

- disconnecting, tampering with, or altering the odometer will void your warranties, unless your repairing technician follows the legal requirements for repairing or replacing odometers; or

- attaching any device that disconnects the odometer will also void your warranties.

11

**WHAT'S NOT COVERED**

## 3.2 Environmental Factors Not Covered

Your warranties don't cover damage caused by environmental factors such as airborne fallout, bird droppings, insect damage, chemicals, tree sap, salt, ocean spray, acid rain, and road hazards. Nor do your warranties cover damage caused by hailstorms, windstorms, tornadoes, sandstorms, lightning, floods, and earthquakes.

Your warranties do not cover conditions resulting from anything impacting the vehicle. This includes cracks and chips in glass, scratches and chips in painted surfaces, or damage from collision.

## 3.3 Maintenance Costs Not Covered

Your warranties don't cover the costs of repairing damage caused by poor or improper maintenance. Nor do they cover damage caused by the use of contaminated fuels, or by the use of fuels, oils, lubricants, cleaners or fluids other than those recommended in your Owner's Manual.

The warranties don't cover the costs of your vehicle's normal or scheduled maintenance — the parts and services that all vehicles routinely need. Some of these parts and services, which your warranties don't cover, include:

- lubrication;
- engine tune-ups;
- replacing filters, coolant, spark plugs, bulbs, or fuses (unless those costs result from a covered repair);
- cleaning and polishing; and
- replacing worn wiper blades, worn brake pads and linings, or clutch linings.

## 3.4 Racing Not Covered

Your warranties don't cover the costs of repairing damage or conditions caused by racing, nor do they cover the repair of any defects that are found as the result of participating in a racing event.

12

## 3.5 Certain Kinds of Corrosion Not Covered

Your warranties don't cover the following:

- corrosion caused by accident, damage, abuse, or vehicle alteration;

- surface corrosion caused by such things as industrial fallout, sand, salt, hail, ocean spray, and stones;

- corrosion caused by the extensive or abnormal transport of caustic materials like chemicals, acids, and fertilizers; and

- corrosion of special bodies, body conversions, or equipment that was not on your vehicle when it left the manufacturing plant or was not supplied by FCA US.

## 3.6 Other Exclusions

Your warranties don't cover the costs of repairing damage or conditions caused by any of the following:

- fire or accident;

- abuse or negligence;

- misuse — for example, driving over curbs or overloading;

- tampering with the emission systems, or with a part that could affect the emission systems;

- use of used parts, even if they were originally supplied by FCA US (however, authorized FCA US / MOPAR remanufactured parts are covered);

- windshield or rear window damage from external objects;

- any changes made to your vehicle that don't comply with FCA US; or

- using any fluid that doesn't meet the minimum recommendations in your Owner's Manual.

13

**WHAT'S NOT COVERED**

## 3.7 Total Loss, Salvage, Junk, or Scrap Vehicles Not Covered

A vehicle has no warranty coverage of any kind if:

- the vehicle is declared to be a total loss by an insurance company;
- the vehicle is rebuilt after being declared to be a total loss by an insurance company; or
- the vehicle is issued a certificate of title indicating that it is designated as "salvage," "junk," "rebuilt," "scrap," or some similar word.

FCA US will deny warranty coverage without notice if it learns that a vehicle is ineligible for coverage for any of these reasons.

## 3.8 Restricted Warranty

Your warranties can also be restricted by FCA US. FCA US may restrict the warranty on your vehicle if the vehicle is not properly maintained, or if the vehicle is abused or neglected, and the abuse or neglect interferes with the proper functioning of the vehicle. If the warranty is restricted, coverage may be denied or subject to approval by FCA US before covered repairs are performed.

14

# 4. Other Terms of Your Warranties

## 4.1 Exchanged Parts May Be Used in Warranty Repairs

In the interest of customer satisfaction, FCA US may offer exchange service on some vehicle parts. This service is intended to reduce the amount of time your vehicle is not available for your use because of repairs. Parts used in exchange service may be new, remanufactured, reconditioned, or repaired, depending on the part involved.

All exchange parts that might be used meet FCA US standards, and have the same warranties as new parts.

Examples of the kinds of parts that might be serviced in this way are:

- engine assemblies;
- transmission assemblies;
- instrument cluster assemblies;
- radios, tape, CD and DVD players;
- speedometers; and

- powertrain control modules.

To help control suspected ozone-depleting agents, the EPA requires the capture, purification, and reuse of automotive air-conditioning refrigerant gases. As a result, a repair to the sealed portion of your air-conditioning system may involve the installation of purified reclaimed refrigerant.

## 4.2 Pre-Delivery Service

A defect in or damage to the mechanical, electrical, sheet-metal, paint, trim, and other components of your vehicle may have occurred at the factory or while it was being shipped to the dealer.

Such a defect or damage is usually detected and corrected at the factory. In addition, dealers must inspect each vehicle before delivery. They repair any defects or damage detected before the vehicle is delivered to you.

## 4.3 Production Changes

Changes may be made in vehicles sold by FCA US and its dealers at any time without incurring any obligation to make the same or similar changes on vehicles previously built or sold.

15

# 5. Emission Warranties Required By Law

## 5.1 Federal Emission Warranty

### A. Parts Covered for 2 Years or 24,000 Miles

Federal law requires FCA US to warrant the following emissions parts for 2 years or 24,000 miles, whichever occurs first. FCA US covers all of these parts under the Basic Limited Warranty for 3 years or 36,000 miles, whichever occurs first.

**Gas**

- air system controls
- electronic fuel injection system, including injector
- evaporative-emission canister and controls
- exhaust manifold
- exhaust gas recirculation valve and control system
- exhaust pipes (between exhaust manifold and catalyst)
- fuel cap and tank assembly, pump, and fuel lines
- ignition system
- intake manifold
- on-board diagnostic-system components
- oxygen sensors
- positive crankcase-ventilation (PCV) valve or orifice
- secondary ignition wires
- spark plugs
- throttle body
- transmission-control module
- vacuum hoses, clamps, and fittings, as well as tubing used for these components
- vacuum, temperature, altitude, speed, time-sensitive valves, sensors, and switches used in these components and systems

16

**B. Parts Covered for 8 years or 80,000 miles**

If your vehicle has one of the following parts, this Federal Emission Warranty covers that part for a period of 8 years or 80,000 miles, whichever occurs first, calculated from the start of the Basic Limited Warranty as set forth in Section 2.1(E). The covered parts are:

- catalytic converter

- powertrain control module

## 5.2 Emission Performance Warranty

This warranty supplements the federal warranty under 5.1. It lasts for 2 years or 24,000 miles on the odometer, whichever occurs first. If your vehicle has one of the following parts, catalytic converter and powertrain control module, this Federal Emission Warranty covers that part for a period of 8 years or 80,000 miles, whichever occurs first. These limits are counted from the time when your Basic Limited Warranty begins under 2.1(E). The Emission Performance Warranty covers the cost of repairing or adjusting any components or parts that might be needed for your vehicle to pass Federal Emission Standards for a federally approved state or local emissions test, but only if:

- your vehicle has failed a federally approved state or local emissions test;

- your vehicle has been maintained and operated properly up until it fails such a test; and

- you face a real penalty — for example, a fine or the loss of the use of your vehicle — because the vehicle has failed the test.

Section 6.4 explains how to get service under this warranty.

17

# 6. How to Get Warranty Service

## 6.1 Where to Take Your Vehicle

### A. In the United States (We Include U.S. Possessions and Territories as Part of the United States for Warranty Purposes):

Warranty service must be done by an authorized Chrysler, Dodge, Jeep or Ram dealer. We strongly recommend that you take your vehicle to your Selling Dealer. They know you and your vehicle best, and are most concerned that you get prompt and high quality service. If you move within the United States, warranty service may be requested from any authorized Chrysler, Dodge, Jeep or Ram dealer.

### B. In Canada and Mexico:

If you are traveling temporarily in Canada or Mexico, and your vehicle remains registered in the United States, your FCA US warranty still applies. Service may be requested at any authorized Chrysler, Dodge, Jeep or Ram dealership.

### C. In a Foreign Country Outside of North America:

If you are traveling temporarily outside of North America, and your vehicle remains registered in the United States:

- You should take your vehicle to an authorized Chrysler, Dodge, Jeep or Ram dealer. They should give you the same warranty service you receive in the United States.

- If the authorized dealership charges you for repairs which you feel should be covered under your warranty, please get a detailed receipt for the work done. Make sure that this receipt lists all warranty repairs and parts that were involved. (This receipt will be similar to the one used by the dealer who normally services your vehicle.)

- When your vehicle returns to the United States, contact the FCA US Customer Assistance Center (section 7.2) for reimbursement consideration. You will normally need to provide a copy of the receipt, your vehicle registration and any other relevant documents.

- Reimbursement will not be considered if the vehicle does not return to the United States.

18

**D. If You Move:**

If you move to another country, be sure to contact the FCA US Customer Assistance Center (section 7.2) and the customs department of the destination country before you move. Vehicle importation rules vary considerably from country to country. You may be required to present documentation of your move to FCA US in order to continue your warranty coverage. You may also be required to obtain documentation from FCA US in order to register your vehicle in your new country.

**E. Notice:**

If your vehicle is registered outside of the United States, and you have not followed the procedure set out above, your vehicle will no longer be eligible for warranty coverage of any kind. (Vehicles registered to United States government officials or military personnel on assignment outside of the U.S. will continue to be covered.)

## 6.2 How To Get Roadside Assistance Service - U.S. or Canada Only *

**A. Who Is Covered:**

You are covered by the Roadside Assistance services if you are a purchaser for use of the vehicle. The Roadside Assistance services lasts for 5 years or 60,000 miles on the odometer, whichever occurs first, calculated from the start date of the Basic Limited Warranty, as set forth in Section 2.1(E).

---

* Towing services provided through Cross Country Motor Club, Inc., Medford, MA 02155, except in AK, CA, HI, OR, WI, and WY, where services are provided by Cross Country Motor Club of California, Inc., Medford, MA 02155.

19

**HOW TO GET WARRANTY SERVICE**

### B. What To Do:

If your vehicle requires jump start assistance, out of gas/fuel delivery, tire service, lockout service or towing as a result of a mechanical breakdown, dial toll-free 1-800-521-2779. Provide your name, vehicle identification number, license plate number, and your location, including the telephone number from which you are calling. Briefly describe the nature of the problem and answer a few simple questions.

You will be given the name of the service provider and an estimated time of arrival. If you feel you are in an "unsafe situation", please let us know. With your consent, we will contact local police or safety authorities.

### C. Covered Services:

**Flat Tire Service**

If you are inconvenienced by a flat tire, we will dispatch a service provider to use your vehicle's temporary spare tire (if equipped) as recommended in your Owner's Manual. This is not a permanent flat tire repair.

**Out of Gas/Fuel Delivery**

Drivers can't always count on a gas station being nearby - especially when traveling away from home. Just call 1-800-521-2779, and we will dispatch a service provider to deliver a small amount of fuel (maximum 2 gallons) to get you to a nearby station.

**Battery Jump Assistance**

No time is a good time for a dead battery, but with Roadside Assistance, you don't have to worry about being stranded. We will dispatch a service provider to provide you with a battery jump anytime, day or night.

**Lockout Service**

Whether the keys are locked in your vehicle or frozen locks are keeping you from getting on your way, help is just a phone call away at 1-800-521-2779. This service is limited to providing access to the vehicle's seating area. It does not cover the cost of replacement keys.

20

**Towing Service**

Our towing service gives you peace of mind and confidence. If your vehicle becomes disabled as a result of a mechanical breakdown, Roadside Assistance will dispatch towing service to transport your vehicle to the closest authorized Chrysler, Dodge, Jeep or Ram dealer. If you choose to go to another dealership, you will be responsible for the cost if the extra distance exceeds 10 miles.

**D. If Unable to Contact Roadside Assistance:**

If you are unable to contact Roadside Assistance and you obtain towing services on your own, you may submit your original receipts from the licensed towing or service facility, for services rendered within 30 days of the occurrence. Be sure to include your vehicle identification number, odometer mileage at the time of service and current mailing address. We will process the claim based on vehicle and service eligibility. If eligible, we will reimburse you for the reasonable amounts you actually paid, based on the usual and customary charges for that service in the area where they were provided. FCA US's determination relating to reimbursement are final. Correspondence should be mailed to:

FCA US Towing Assistance
P.O. Box 9145
Medford, MA 02155
Attention: Claims Department

## 6.3 Emergency Warranty Repairs

If you have an emergency and have to get a warranty repair made by someone other than an authorized Chrysler, Dodge, Jeep or Ram dealer, follow the reimbursement procedure in 6.1(C).

## 6.4 Getting Service Under the Federal Emission Performance Warranties

### A. What to Do

If your vehicle has failed an emissions test described in 5.2:

- Take it to an authorized Chrysler, Dodge, Jeep or Ram dealer as soon as possible.

- Give the service representative the printout showing that your vehicle failed the test.

- If possible, bring all service receipts, maintenance logs, and records proving that your vehicle has been properly maintained, since you may be required to show them.

### B. Further Steps You Can Take, and How to Get More Information

If you think your dealer has wrongly denied you emission-warranty coverage, follow the steps described in 7.1. FCA US will reply to you in writing within 30 days after receiving your complaint (or within the time limit required by local or state law). If the owner is not notified within 30 days that a performance warranty claim is denied, the manufacturer must repair the vehicle free of charge.

If you want more information about getting service under the Federal Emission Warranty or the Performance Warranty, or if you want to report what you think is a violation of these warranties, you can contact:

**Manager, Certification and Compliance**
Division Warranty Claims
Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Mail Code 6403J
Washington, D. C. 20460

22

# 7. How to Deal with Warranty Problems

## 7.1 Steps to Take

### A. In General

Normally, warranty problems can be resolved by your dealer's sales or service departments. That's why you should always talk to your dealer's service manager or sales manager first. But if you're not satisfied with your dealer's response to your problem, FCA US recommends that you do the following:

**Step 1:**

Discuss your problem with the owner or general manager of the dealership.

**Step 2:**

If your dealership still can't resolve the problem, contact the FCA US Customer Assistance Center. You'll find the address in section 7.2.

### B. What FCA US Will Do

Once you have followed the two steps described in 7.1(A), a FCA US representative at FCA US headquarters will review your situation. If it's something that FCA US can help you with, FCA US will provide your dealer with all the information and assistance necessary to resolve the problem. Even if FCA US can't help you, FCA US will acknowledge your contact and explain FCA US's position.

### C. If Your Problem Still Isn't Resolved For Customers Residing In Arkansas, Idaho, Kentucky, Minnesota and Montana ONLY:

(NOTE: This Process is not available for residents of other states.)

If you can't resolve your warranty problem after following the two steps described in 7.1(A), and you live in Arkansas, Idaho, Kentucky, Minnesota or Montana ONLY, you can contact the FCA US LLC Customer Arbitration Process in your area.

You may obtain a brochure describing FCA US LLC's Customer Arbitration Process, including an application, by calling (877) 426-5337. This service is strictly voluntary, and you may submit your dispute directly to the

23

**HOW TO DEAL WITH WARRANTY PROBLEMS**

Customer Arbitration Process (CAP) at no cost. The CAP is administered by an independent dispute settlement organization and may be contacted in writing at the following address:

National Center for Dispute Settlement
FCA US LLC
P.O. Box 727
Mt. Clemens, MI 48046

The CAP reviews only vehicle disputes involving FCA US LLC ("FCA US") Limited Warranty or a FCA US/Mopar Part Limited Warranty. The CAP does not review disputes involving the sale of a new or used vehicle, personal injury/property damage claims, disputes relating to design of the vehicle or part, or disputes which are already the subject of litigation.

The CAP will need the following information from you: 1) Legible copies of all documents and repair orders relevant to your case, 2) Vehicle identification number of your vehicle, 3) A brief description of your unresolved concern, 4) The identity of your servicing/selling dealer, 5) The date(s) of repair(s) and mileage at the time, 6) Current mileage, and 7) A description of the action you expect to resolve your concern.

Upon receipt of your request:

- The National Center for Dispute Settlement (NCDS) will acknowledge receipt of your request, by mail, within ten (10) days, and advise you whether or not your dispute is within the jurisdiction of the Process.

- When your request is within jurisdiction NCDS will request FCA US and the dealer to present their side of the dispute. You will receive copies of their responses.

- While your dispute is pending NCDS or FCA US may contact you to see if your case can be settled by agreement. If a settlement is offered to you, FCA US will ask you to sign a form that contains that settlement. Your case will then be closed. There is no requirement for you to participate in this settlement process.

- If you requested an oral hearing, a decision-maker will contact you to arrange a convenient time and place for a hearing. Usually, this will be at a dealership near you.

- If you request a documents-only review, a NCDS panel will review and decide your case. Neither you, the dealer nor FCA US need be present.

24

HOW TO DEAL WITH WARRANTY PROBLEMS

- NCDS will send you a written Statement of Decision. This statement will include the decision, any action to be taken by the dealer or FCA US and the time by which the action must be taken. The decision will be binding on the dealer and FCA US but not on you unless you accept the decision.

- If any action is required on the part of the dealer or FCA US you will be contacted within ten (10) days after the date by which the dealer or FCA US must act to determine whether performance has been rendered.

- The entire dispute settlement process will normally take no longer than 40 days.

- The CAP dispute settlement procedure does not take the place of any state or Federal legal remedies available to you. Whether or not you decide to submit your dispute to the Process, you are free to pursue other legal remedies.

### D. Notice Under State Lemon Laws

Some states have laws allowing you to get a replacement vehicle or a refund of the vehicle's purchase price under certain circumstances. These laws vary from state to state. If your state law allows, FCA US requires that you first notify us in writing of any service difficulty that you may have experienced so that we can have a chance to make any needed repairs before you are eligible for remedies provided by these laws. In all other states, we ask that you give us written notice of any service difficulty. Send your written notice to the FCA US Customer Assistance Center at the address in 7.2.

25

**HOW TO DEAL WITH WARRANTY PROBLEMS**

## 7.2 Helpful Addresses and Telephone Numbers

Here are the addresses and telephone numbers of the FCA US Customer Assistance Center that can help you wherever you happen to be. Contact the one that covers your area:

- **In the United States:**
  **FCA US Customer Assistance Center**
  P.O. Box 21-8004
  Auburn Hills, Michigan 48321-8004
  Phone: (877) 426-5337

**To contact FCA US by email,**
simply access the following website:
www.jeep.com
(click on the "Contact Us" button)

- **In Canada:**
  **FCA Canada Inc.**
  **Customer Service**
  Chrysler Centre
  P.O. Box 1621
  Windsor, Ontario N9A-4H6
  Phone: (800) 465-2001

- **In Mexico, contact the Customer Relations Office for Chrysler, Dodge, Jeep and Ram vehicles at:**
  1240 Prolongacion Paseo de la Reforma Av.
  Santa Fe, C.P. 05109
  Deleg. Cuajimalpa, Mexico
  Phone (in Mexico): (015) 5081-7568
  Phone (outside Mexico): (800) 505-1300

- **In Puerto Rico and U.S. Virgin Islands:**
  **Customer Service**
  Chrysler Group International Services LLC
  San Juan, Puerto Rico 00919-1857
  Box 191857
  Phone: (787) 782-5757
  Fax: (787) 782-3345

26

OPTIONAL SERVICE CONTRACT

## 8. Optional Service Contract

FCA US LLC's or FCA US Service Contracts LLC's optional service contracts offer valuable protection against repair costs when these warranties don't apply. They compliment but don't replace the warranty coverages outlined in this booklet. Several plans are available, covering various time-and-mileage periods and various sets of components. (Service contracts aren't available if you live in a U.S. possession or territory.) Ask your dealer for details.

MAINTENANCE

# 9. Maintenance

## 9.1 General Information

It's your responsibility to properly maintain and operate your new vehicle. Follow the instructions contained in the General and Scheduled Maintenance Service guidelines in your Owner's Manual. Regular, scheduled maintenance is essential to trouble-free operation. If there is a dispute between you and FCA US concerning your maintenance of your vehicle, FCA US will require you to provide proof that your vehicle was properly maintained.

For your convenience, FCA US has prepared a Maintenance Log which is included in your Owner's Manual. You should use this Maintenance Log to keep track of scheduled maintenance, either by routinely having the repairs entered in your Maintenance Log, or by keeping receipts or other documentation of work you've had done on your vehicle in your Maintenance Log.

## 9.2 Where To Go For Maintenance

FCA US recommends that you return to the dealer from whom you bought your vehicle for all maintenance service both during and after the warranty periods. Although you can get warranty service from any dealer who sells your particular make, returning to your selling dealer will help ensure that all your service needs are met and that you're completely satisfied. The dealership technicians are specifically trained to proficiently perform maintenance and repair procedures on your vehicle.

Authorized Chrysler, Dodge, Jeep or Ram dealers will help ensure that all your service needs are met and that you're completely satisfied. FCA US strongly recommends you use genuine FCA US/MOPAR parts to maintain your vehicle.

28

Original Owner's Name
_____

Street Address
_____

City and State                                    Zip Code
_____

| | | | | | | | | | | | | | | | | |
Vehicle Identification Number

Warranty Start Date (In-Service Date)        Mileage at Delivery
_____

Selling Dealer                                    Code
_____

City                                              State
_____

Second Owner's Name
_____

Street Address
_____

City and State                                    Zip Code
_____

Date of Second Purchase        Mileage at Purchase
_____

Third Owner's Name
_____

Street Address
_____

City and State                                    Zip Code
_____

Date of Third Purchase         Mileage at Purchase
_____

Warranty coverage applies to all vehicle owners. To protect you in the event of a recall or any questions concerning your warranty, please tell your dealer about any ownership or address change, and write the details here.



**STICK WITH THE SPECIALISTS®**



17GENJ-O26-AA
©2016 FCA US LLC. All Rights Reserved.
Jeep is a registered trademark of FCA US LLC.



**First Edition
Printed in U.S.A.**

Sabrina C. Narain (SBN 299471)
sabrina.narain@ltlattorneys.com
Jacky P. Wang (SBN 222464)
jacky.wang@ltlattorneys.com
Alexandra B. Jara (SBN 355695)
alexandra.jara@ltlattorneys.com
**LTL ATTORNEYS LLP**
300 South Grand Ave., Suite 3950
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
fcawarranty@ltlattorneys.com

Attorney for Defendant
**FCA US LLC**

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| JENNIFER CARDWELL-EDWARDS,<br><br>                    Plaintiff,<br><br>          v.<br><br>FCA US, LLC.; DCH CHRYSLER DODGE JEEP RAM FIAT OF TEMECULA; and DOES through 10, inclusive,<br><br>                    Defendants. | **CASE NO.   CVRI2405709**<br><br>**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF JENNIFER CARDWELL-EDWARDS'S UNVERIFIED COMPLAINT**<br><br>Judge:        Hon. O.G. Magno<br>Dept.:         7<br><br>Complaint Filed:   October 16, 2024<br>Trial Date:        None Set |

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant FCA US LLC ("Defendant") hereby answers the unverified Complaint of Plaintiff JENNIFER CARDWELL-EDWARDS ("Plaintiff") on file as follows:

## GENERAL DENIAL

1.     Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), Defendant denies generally and specifically, all of the allegations contained in the Complaint and specifically denies that it caused or contributed to any alleged damages, and further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all.

## AFFIRMATIVE DEFENSES

2.     Defendant alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

3.     Plaintiff's Complaint, each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant and Defendant denies that Plaintiff was damaged in any sum or sums, or at all.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.     Defendant is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by the statute of limitations, including but not limited to limitations contained within Commercial Code section 2725, Code of Civil Procedure sections 338 and 340, and Civil Code section 1783.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

5.     Plaintiff is estopped from obtaining the relief sought or pursuing any of the claims raised or causes of actions contained in the Complaint, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

//

//

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

6.      Plaintiff has waived their right to the claims, causes of action and relief sought in this Complaint against Defendant, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

7.      Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

(Economic Loss Rule)

8.      Plaintiff's causes of action have not accrued because Plaintiff cannot establish that they suffered injury directly from the subject vehicle or products, and therefore Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

**SEVENTH AFFIRMATIVE DEFENSE**

(Vehicle Fit for Intended Purpose)

9.      Defendant is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

**EIGHTH AFFIRMATIVE DEFENSE**

(Duration of Implied Warranty)

10.     Defendant is informed and believes, and on that basis alleges, that some or all of the alleged defects did not arise until more than three months had elapsed since the subject vehicle was sold to Plaintiff. Accordingly, Plaintiff is not entitled to relief for such concerns under the breach of the implied warranty of merchantability. Civil Code section 1795.5.

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Maintenance and Other Exclusions)

11.    Defendant is informed and believes, and on that basis alleges that Plaintiff and/or others may have improperly cared for and maintained the subject vehicle, and that some of Plaintiff's concerns may have been proximately caused by such lack of maintenance of the subject vehicle or products. Defendant reserves the right to identify additional exclusions which may be applicable.

**TENTH AFFIRMATIVE DEFENSE**

(Unreasonable or Unauthorized Use of Vehicle)

12.    Defendant is informed and believes, and on that basis alleges, that some of Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the vehicle. (Civil Code section 1794.3.)

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Timely Revocation of Acceptance)

13.    Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Reasonable Number of Attempts to Repair Afforded)

14.    The Complaint, each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of the Civil Code section 1793.22(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

15.    The Complaint, each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 *et seq.*

//

//

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Performance)

16.     Prior to the commencement of this action, Defendant fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on their behalf and this action is therefore barred by the provisions of Civil Code section 1473.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Abide by Terms of Warranty)

17.     Claims by Plaintiff of breach of warranty are barred because of Plaintiff's failure to give timely and appropriate notice of any claim of breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Use Third-Party Dispute Resolution)

18.     Defendant makes available a qualified third-party dispute resolution process, and therefore, they are entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

19.     Plaintiff is barred from recovery, in whole or in part, on the ground that Plaintiff is subject to the defense of accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Evaluation)

20.     At all times, Defendant's evaluation of Plaintiff's repurchase request has been in good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Notify)

21.     Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to provide timely notice, within a reasonable period of time after discovery of their claims and alleged defects. As a result, Defendant has been damaged and prejudiced. Therefore, the Complaint

and each cause of action therein, is barred as a matter of law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Complete Performance)

22.    Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Compliance with Laws)

23.    Defendant has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint and is therefore not liable to Plaintiff for any damages that they may have sustained, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

24.    At all times relevant and material to this action, Defendant acted reasonably and in good faith.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Independent Causes)

25.    The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of Defendant, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Inspect)

26.    Defendant alleges that Plaintiff's damages, if any, may have been caused by the failure of third parties, unrelated to Defendant, to properly inspect the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Maintain)

27.    Defendant alleges that any and all conditions in the subject vehicle or products

described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Breach)

28.    Defendant alleges it did not breach any duties to Plaintiff, thereby barring and/or precluding Plaintiff from recovery.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Affirmative Conduct)

29.    Defendant alleges that there was no affirmative conduct on the part of Defendant, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore Plaintiff has no cause of action against Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Substantial Factor)

30.    Defendant alleges that the negligence and other legal fault alleged in the Complaint as against Defendant, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Excessive/Speculative Damages)

31.    Defendant alleges that the damages allegedly sustained by Plaintiff, if any, was excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

### THIRTIETH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

32.    If Plaintiff suffered any loss, damage or injury, it was directly or proximately caused by, and is the result of, Plaintiff's conduct and/or their potential failure to mitigate any such loss, damage or injury.

//

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Disclaimer of Incidental and Consequential Damages)

33.    Defendant is informed and believes, and on that basis alleges, that by the terms of the limited warranty for the subject vehicle at issue, Defendant is not liable for incidental or consequential damages.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Civil Penalty)

34.    Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant to Civil Code section 1794, subdivision (e)(3).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Set Off)

35.    Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, which is denied, Defendant is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Spoliation of Evidence)

36.    The subject vehicle or products identified in the Complaint that was allegedly designed, manufactured and distributed by Defendant is missing, has been modified or altered and/or is no longer available for Defendant's possession, which impacts Defendant's defense in this case. Defendant is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Fees and Costs)

37.    Defendant is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable

attorney's fees and defense costs as permitted by California law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Join an Indispensable or Necessary Party)

38.    Defendant is informed and believes and thereon alleges that the Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to include an indispensable or necessary party in the Complaint. In the absence of this indispensable or necessary party, complete relief cannot be accorded among the existing parties. The indispensable or necessary party is required to protect parties' interest and to avoid multiple or inconsistent obligations, if any, by the Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Arbitration Agreement)

39.    Defendant is informed and believes, and on that basis alleges, that this dispute is subject to an arbitration agreement with Plaintiff such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

40.    Defendant is informed and believes, and on that basis allege, that an award of punitive or exemplary damages to Plaintiff would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Punitive Damages -- If Any -- Must Be Limited)

41.    Defendant specifically incorporates by reference, as if fully set forth herein, any and all standards or limitations regarding the determination and enforceability of punitive damages awards as set forth in State Farm Mutual Automobile Insurance Company v. Campbell (2003) 123 S.Ct. 1513, and BMW of North America v. Gore (1996) 116 S. Ct. 1589.

**FORTIETH AFFIRMATIVE DEFENSE**

(Unclean Hands)

42.    All causes of action in this Complaint asserted by Plaintiff are barred by the doctrine of unclean hands.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Intervening and Superseding Actions)

43.    Plaintiff's damages, if any, were the direct and proximate result of intervening and superseding actions on the part of other persons and entities, and not the actions of Defendant. Defendant further alleges that these intervening and superseding causes bar any recovery against Defendant by Plaintiff.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Comparative Fault)

44.    Defendant is informed and believes and thereon alleges that Plaintiff and or their agents were negligent and/or at fault in or about the matter and activities described in the Complaint, and that this negligence or fault contributed to, and/or was the proximate cause of Plaintiff's alleged damages, if any. Defendant further alleges that if it is found to be negligent and that Plaintiff is entitled to recover damages against it, such recoveries should be diminished by the degree of negligence on the part of Plaintiff and/or their agents and proportioned to the degree of negligence or fault attributable to Defendant, if any.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Vehicle Conformed to the Warranty)

45.    Defendant is informed and believes and thereon alleges that if it is determined that

the subject vehicle failed to conform at any time with any applicable warranty extended by Defendant. Defendant alleges that the vehicle is now fully in conformity with such warranty.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Mileage Offset)

46.     Defendant alleges that it intends to take advantage of the reduction authorized by Civil Code section 1793.2, subdivision (d)(2)(C), if Defendant is found in violation of the Song-Beverly Consumer Warranty Act.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(No Material Defects/Workmanship Defects)

47.     Defendant is informed and believes and thereon alleges that the condition of the Subject Vehicle, as described in the Complaint, does not constitute material defects and/or workmanship defects.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Alteration)

48.     The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendant or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Prevention of Performance)

49.     Because Plaintiff's actions both prevented and excused Defendant's performance under the Song-Beverly Act and any and all applicable warranties, Plaintiff's claims are barred in whole or in part by the prevention of performance doctrine.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

(Consent)

50.     The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

(Implied Warranty)

51.      Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1, subdivision (c).

**FIFTIETH AFFIRMATIVE DEFENSE**

(Failure to Provide Reasonable Opportunity to Repair)

52.      Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Provide Notice)

53.      Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to provide notice to this answering defendant pursuant to Civil Code section 1794, subdivision (e)(3). Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794, subdivision (e).

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(Standing)

54.      Plaintiff lacks standing to pursue any of the claims herein, thereby barring or limiting Plaintiff's right to recovery or to other remedies against Defendant.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

55.      Defendant reserves its right to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

**PRAYER**

WHEREFORE, Defendant prays for the following relief:

1.      That Plaintiff takes nothing by reason of Plaintiff's Complaint, and that this action

be dismissed in its entirety with prejudice;

2.     That judgment be entered in favor of Defendant, on all causes of action;

3.     That Defendant recovers its costs of suit incurred herein as well as attorneys' fees to the extent permitted by law; and

4.     That Defendant be awarded such other and further relief as the Court may deem just and proper.


Dated:  November 21, 2024               **LTL ATTORNEYS LLP**


                              By: */s/ Jacky P. Wang*
                                  Sabrina C. Narain, Esq.
                                  Jacky P. Wang, Esq.
                                  Attorneys for Defendant
                                  **FCA US LLC**

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action. My business address is 300 South Grand Ave., Suite 3950, Los Angeles, CA 90071.

On November 21, 2024, I served the foregoing document(s) described as **DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF JENNIFER CARDWELL-EDWARDS'S UNVERIFIED COMPLAINT** on the interested parties in this action by sending a true copy thereof to the address listed below.

☐ **BY MAIL:** I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL:** I transmitted the above-listed document(s) to the e-mail address(es) set forth below on this date.

☐ **BY PERSONAL SERVICE:** I arranged for Express Network Company to deliver such envelope by hand to the individuals listed below.

☐ **BY OVERNIGHT COURIER:** I caused each envelope with fees prepaid shipped by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 21, 2024, at Los Angeles, California.

*/s/ Blanca Reyes*
Blanca Reyes

1

## SERVICE LIST

2

*Jennifer Cardwell-Edwards v. FCA US LLC, et al.*

3

Superior Court Case No.: CVRI2405709

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Tionna Carvalho, Esq.<br>Sanam Vaziri, Esq.<br>**STRATEGIC LEGAL PRACTICES, APC**<br>1888 Century Park East, 19th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 929-4900<br>Facsimile: (310) 943-3838<br>tcarvalho@slpattorney.com<br>svaziri@slpattorney.com<br>emailservices@slpattorney.com | Attorneys for Plaintiff<br>**JENNIFER CARDWELL-EDWARDS** |